UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

MARK ANDERSON,

                    Plaintiff,

v.

GRETCHEN WHITMER et al.,

                    Defendants.

_____/

Case No. 1:21-cv-525

Honorable Janet T. Neff

## OPINION

This is a civil rights action brought under 42 U.S.C. § 1983 by thirteen state prisoners housed at the Lakeland Correctional Facility (LCF).  On June 22, 2021, the Court denied the request for a class action certification and severed the claims of the thirteen prisoner-plaintiffs into separate actions.  (ECF No. 36.)  Each plaintiff, including Plaintiff Anderson, was ordered to file an amended complaint containing only the allegations relevant to that Plaintiff.  (*Id.*)  Plaintiff Anderson now has filed an amended complaint (ECF No. 37) and a document regarding "Separability of Provisions, Severability of Defendants, Away from Executives Chief Officers of Government, State, or Political Division" (ECF No. 39).  Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c).  The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible.  *Denton v. Hernandez*,

504 U.S. 25, 33 (1992).  Applying these standards, the Court will dismiss Plaintiff's amended complaint for failure to state a claim.

## Discussion

I.     **Factual allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Lakeland Correctional Facility (LCF) in Coldwater, Branch County, Michigan. The events about which he complains occurred at that facility.

Plaintiff sues Governor Gretchen Whitmer, MDOC Director Heidi E. Washington, Warden Bryant Morrison, Deputy Warden Robert Ault, Acting Administrative Assistant Janet Traeore, Resident Unit Manager Timothy Shaw, Law Librarian Linda Thompson, Doctor Margaret Quellete, Medical Provider E. Coe Hill, Registered Nurse Lori Blue, Resident Unit Manager Scott Cline, Corrections Officer Unknown Part(y)(ies), and Corrections Officer Unknown Minor. Plaintiff also names Prisoner Counselors Shawanda Cope, Karen Kowalski, Patrick Daniels, Kevin Dirchell, and Dennis Randall.

In his amended complaint (ECF No. 37), Plaintiff alleges that in March of 2020, COVID-19 infections at LCF were rampant and Defendants failed to adequately protect inmates, including Plaintiff, from infection.  Plaintiff states that he became infected and suffered from loss of taste and smell, loss of appetite, diarrhea, weight loss, fever, low oxygen levels, and a near death experience due to Plaintiff's inability to breathe.  Plaintiff asserts that each of the named Defendants knew or should have known of the imminent danger posed to Plaintiff and other prisoners by COVID-19, but failed to act in accordance with their duties to protect Plaintiff from the virus, or to ensure that he could access the appropriate process to gain early release from prison.

Plaintiff claims that from the beginning of the pandemic, Defendants failed to institute a true quarantine, and infected staff members were free to move in and out of facilities,

2

placing prisoners in imminent danger of becoming infected.  Plaintiff alleges that in March of 2020, the first COVID-19 infection was diagnosed in the E2 Unit, but no notice was given to the prisoners who had been exposed until after they had had contact with prisoners on the other side of the prison.  Plaintiff states that infected prisoners were allowed to mingle with uninfected prisoners in common areas.  Plaintiff further states that he has never received a CAT scan or MRI to assess his physical condition.  Plaintiff alleges that LCF experienced a new round of infections on July 7, 2021, but that kitchen workers from the East and West sides continued to work together in Food Service.

Plaintiff appears to be claiming that Defendants violated his rights under the Eighth Amendment.  Plaintiff seeks compensatory and punitive damages, as well as injunctive relief.

## II.      Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions.  *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 679.  Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556).  "[W]here the well-pleaded facts do not permit the court

3

to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

## III.    **Eighth Amendment**

Plaintiff's allegations do not rise to the level of an Eighth Amendment violation. The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous," nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345–46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600–01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "[n]ot every unpleasant

4

experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954.

In order for a prisoner to prevail on an Eighth Amendment claim, he must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with "'deliberate indifference' to [his] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479–80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (applying deliberate indifference standard to medical claims)); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims).

As noted above, the assertions made by Plaintiff in his complaint are entirely conclusory. Plaintiff merely states that Defendants are responsible by virtue of their job duties, but he fails to allege specific facts regarding their conduct. While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555. The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The court need not accept "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . ." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Because Plaintiff's complaint is entirely lacking in such factual allegations, it is properly dismissed.

IV.      **Pending motion**

As noted above, Plaintiff has filed a document regarding "Separability of Provisions, Severability of Defendants, Away from Executives Chief Officers of Government, State, or Political Division." (ECF No. 39.)  In this document, Plaintiff appears to be asserting that Defendants have an unfair advantage in this lawsuit because they are affiliated with the State. However, Plaintiff does not appear to be seeking any relief, other than that the Court administer justice in the manner it deems necessary and just.  (*Id.* at PageID.584.)  The Court assures Plaintiff that the Court always seeks to administer justice, regardless of the standing of the parties. Plaintiff's request is properly denied as moot.

<u>**Conclusion**</u>

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).  Although the Court concludes that Plaintiff's claims are properly dismissed, the Court does not conclude that any issue Plaintiff might raise on appeal would be frivolous.  *Coppedge v. United States*, 369 U.S. 438, 445 (1962).  Accordingly, the Court does not certify that an appeal would not be taken in good faith.  Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610–11, unless Plaintiff is barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of § 1915(g).  If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

An order and judgment consistent with this opinion will be entered.


Dated:   November 19, 2021                        /s/ Janet T. Neff
                                                  Janet T. Neff
                                                  United States District Judge